JODI LINKER
Federal Public Defender
Northern District of California
JOYCE LEAVITT
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:    (510) 637-3500
Cellular telephone:   (415) 517-4879
Email:         Joyce_Leavitt@fd.org

Counsel for Defendant LITTLEFIELD

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON LITTLEFIELD,<br><br>Defendant. | Case No.: CR 21–00171 JST<br><br>**SENTENCING MEMORANDUM**<br><br>**Hearing Date:**   April 8, 2022<br>**Hearing Time:**   9:30 a.m. |

**I.    INTRODUCTION**

Brandon Littlefield will appear before this Court on April 8, 2022, for sentencing after pleading guilty to a violation of 26 U.S.C. § 7202 – failure to account for and pay over employment taxes. Mr. Littlefield asks the Court to sentence him to 36 months custody, 3 years of supervised release, a special assessment and restitution, all in accordance with the parties' binding plea agreement. Plea Agreement at ¶8. The probation officer who prepared the Presentence Report disclosed March 11, 2022 ("PSR) works for the Court and is charged with making an independent determination regarding the appropriate sentence in this case, also recommends a sentence of 36 months custody consistent with the parties' Rule 11(c )(1)(C) agreement. *See* PSR, Sentencing Recommendation. The proposed sentence represents a reasonable and appropriate disposition under the Sentencing Guidelines which

both parties agree balance the sentencing factors described in 18 U.S.C. § 3553(a). The Court is required to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). The agreed upon sentence proposed by the parties is consistent with this directive.

Mr. Littlefield asks the Court to sentence him in accordance with the binding agreement and submits this sentencing memorandum in support of his request. Attached as Exhibits to the sentencing memorandum are (1) letter from Brandon Littlefield (Exhibit A), and (2) declaration of Lisa Tarasuk (Exhibit B).

## II.   ARGUMENT

The Supreme Court's decisions over the last decade have dramatically altered the district court's role at sentencing.  *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38 (2007).  Taken together, these cases make it clear that district court judges now have the ability – as well as the duty – under 18 U.S.C. § 3553 to exercise judgment and discretion in arriving at a sentencing determination.  Although "district courts still 'must consult [the] Guidelines and take them into account when sentencing,'" *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (quoting *Booker*, 543 U.S. at 224), they "may not presume that the guidelines range is reasonable," *Gall*, 552 U.S. at 50 (citing *Rita v. United States*, 551 U.S. 338 (2007)).  Furthermore, the guideline range may not be weighed more heavily than any other statutory factor.  *Gall*, 552 U.S. at 50; *Carty*, 520 F.3d at 991.

In fashioning an appropriate sentence, the Court must consider numerous factors described in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, provide just punishment, adequate deterrence, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a)(1)-(7); *Booker*, 543 U.S. at 245-46. Some of these factors as they relate to this particular case are discussed below.

### A.   The Nature and Circumstances of the Offense

Mr. Littlefield pled guilty to failure to account for and pay over employment taxes in violation of 26 U.S.C. §7202 which is a felony. He agrees that the nature and circumstances of the offense are

serious. In the plea agreement, Mr. Littlefield agreed that not only did he fail to account for and pay to the Internal Revenue Service (IRS) federal income taxes on behalf of one Oakland, California company identified as H.I.A. and its employees in the amount of $18,958.79 in 2017, as alleged in the information, but that he also failed to account for and pay to the IRS taxes on behalf of employees for a large number of other client companies as well, causing a tax loss of at least $3,755,174. *See* Plea Agreement at ¶2(f)-(g). The offense conduct occurred between the years of 2015 through 2018. *Id*. at ¶2(d).

Mr. Littlefield has read the victim impact statements (VIS) submitted to the Court which describe the harm he caused to companies who relied upon him, to the individuals whose livelihoods were intertwined with these small companies, and which made clear that the harm in this case took an emotional, and sometimes physical, toll on these individuals as well. *See, e.g.* PSR at ¶19. Mr. Littlefield has read these statements. He is truly sorry. *See* Exhibit A. In addition to paying back the restitution which Mr. Littlefield is committed to do doing as best he can, he has also agreed to spend 3 years in prison. While none of these steps can make the victims whole in this case, they serve as recognition of the serious nature of the offense and the harm that it caused.

In mitigation, this was not a case where Mr. Littlefield created his businesses with the intention of taking money from others for his own personal gain. Rather, Mr. Littlefield started his businesses (collectively referred to as BLI companies) legitimately to perform certain payroll functions including calculating payroll tax liability and then collecting, accounting for, and paying over these taxes to the IRS on behalf of client companies. Plea Agreement at ¶2. He started BLI companies in February, 2009, and performed his duties well on behalf of his client companies for a number of years. *See, e.g.* VIS at bates 33 ("Initially you took very good care of my business and the people in my business. I really appreciate the service you gave me then"); bates 134 ("Things went well for the first few years").  But in around 2015, Mr. Littlefield paid to have his businesses advertised on the internet in a way which caused his business to explode very quickly. Mr. Littlefield could not keep up with the demands of the burgeoning business and missed payments to the IRS on behalf of the client companies, which caused the IRS to impose late fees and penalties, thereby ballooning the debt exponentially such that the underlying taxes collected from the client companies represented only a

small portion of the increasing liabilities. The situation quickly spiraled out of control. Mr. Littlefield tried to get a loan in order to dig himself out of the mounting debt but was unsuccessful. At some point, he started misappropriating employment taxes from one company in order to cover overdue tax debts, including penalties and interest of other companies, whose payments were already late. As his debt grew, Mr. Littlefield compounded the loss in an attempt to stay afloat, continuing unsuccessfully to look for a way to stop the hemorrhaging.

Mr. Littlefield never intended to take people's money permanently. Exhibit A ("I never intended to defraud a single company out of a single penny . . . this situation is the result of a vast avalanche of mistakes and absolutely poor decisions. I know that the intention does not change the outcome.") Mr. Littlefield accepts full responsibility for his offense. He also has agreed to a sentence of three years imprisonment. In light of this information, the nature and circumstances of the offense support the Court's acceptance of the binding agreement.

### B.     Mr. Littlefield's History and Characteristics

Under 18 U.S.C. § 3553(a), Mr. Littlefield's history and characteristics are to be considered in determining the appropriate sentence. "Evidence about the defendant's background and character is relevant because of the belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background, or to emotional and mental problems, may be less culpable than defendants who have no such excuse." *California v. Brown*, 479 U.S. 538, 545 (1987) (O'Connor, J., concurring). Furthermore, the Ninth Circuit has determined that lack of guidance as a youth may be a mitigating factor that renders a defendant less culpable. *United States v. Floyd*, 945 F.2d 1096 (9th Cir. 1991); *United States v. Walter*, 256 F.3d 891 (9th Cir. 2001).

Mr. Littlefield is a man in his forties who has no prior convictions or arrests. He did not have a happy childhood. His father abandoned the family immediately after Mr. Littlefield was born, and his mother suffered from major depression throughout his life. PSR ¶46. His childhood was marked by food and housing insecurity as the family constantly moved from place to place with little stability. *Id.* Furthermore, while Mr. Littlefield's father was absent from his life, the most influential male role model to Mr. Littlefield growing up was an alcoholic who didn't work and was physically abusive as further described in the PSR. *Id.* at ¶¶46-49.

Mr. Littlefield recognizes that his difficult childhood and upbringing, which was punctuated with dysfunction and scarcity, undoubtedly impaired his decision making in his adult years. This includes his attempt in this case to forge ahead in the face of mounting debts out of some unspoken fear that his business would fail and he would repeat the cycle of instability for his family which was painfully reminiscent of his own childhood.

Despite his dysfunctional childhood and upbringing, Mr. Littlefield has a 9 year old son who he loves dearly. He ran successful businesses for over five years until his advertising decisions caused them to grow too quickly, he fell behind and committed the offense for which he will now be sentenced. In addition to his own letter describing his remorse, His ex-wife describes his regret:

> He is a genuine, honest man that made a decision that impacted so many people . . . he keeps thinking what he could have done differently. Every day he is remorseful for this. He's cried . . . three to four times . . . over . . . his decisions and how it has impacted the people he cared about. He genuinely had a relationship with these people . . . he disappointed them and [is] remorseful of the choices he made. . . this is a man that has made good decisions through the years I've known him . . . he's an excellent father. . . his family leans on him. His intention was to not hurt people.

PSR at ¶51.

Mr. Littlefield is open to mental health counseling and recognizes that it would be helpful both while in custody and later while on supervision. PSR at ¶56. His goals once he is released from custody is to help support his son, and repay all the money that he owes, stating that he will make a "concerted effort to pay back as much as I can." *Id*. at ¶50. Even so, Mr. Littlefield has stated "I know that even as I am successful in repaying these balances, I cannot erase the emotion damage suffered by those who were effected. For that, I can only offer my sincerest apology." Exhibit A. Mr. Littlefield's history and characteristics supports his request that the Court sentence him in accordance with the agreement.

C.  **The Need to Promote Respect for the Law, Just Punishment and Adequate Deterrence**

A sentence of 3 years imprisonment is more than adequate to promote respect for the law and provide just punishment for Mr. Littlefield. Three years in federal prison constitutes punishment. The proposed sentence is a significant sentence which promotes respect for the law, serves as just punishment for the offenses and provides adequate deterrence as well. Mr. Littlefield will not be

before this Court, or any court, again. Mr. Littlefield is now a felon and his conviction will continue to have consequences long after he completes his three years in prison and is released. These consequences include prohibitions that come with being a convicted felon, such as the right to vote or hold public office and the right to carry a firearm, as well as additional limitations to his liberty and the kind of work he can pursue after his release. His felony criminal conviction and restitution order will serve as painful reminders of the crime he has committed, as will the label he will carry forever as a "felon." Mr. Littlefield needs no additional time in custody in order to be punished or deterred.

Furthermore, Mr. Littlefield has respect for the law. He has no criminal history and has always worked hard to support himself and his family. He graduated from college and also got a Master's Degree in Business Administration.  PSR at ¶¶62-63. Mr. Littlefield is an involved father with his 9 year old son, whereas his own father abandoned the family after Mr. Littlefield was born. PSR at ¶46. Knowing that he will be away from his son, who is his world, for a number of years serves as additional punishment, both for Mr. Littlefield and for his son. For all these reasons, the requested sentence of 36 months imprisonment satisfies the goals of sentencing.

### D.      The Need to Avoid Unwarranted Disparities

In fashioning an appropriate sentence in this case, the Court must avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 USC § 3553(a)(6). *See also United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009).

In this case, Mr. Littlefield pled guilty to failure to account for and pay over employment taxes in violation of 26 U.S.C. § 7202, which resulted in restitution of at least $3,755,174. *See* Plea Agreement at ¶¶1, 2; PSR at ¶¶1-3. Although U.S.S.G. §2T1.6 is the applicable guideline generally used in calculating the offense level for a conviction under 26 U.S.C. § 7202, in this case U.S.S.G. §2B1.1 is being used because §2T1.6 specifically cross references §2B1.1 "where the offense involved embezzlement by withholding tax from an employee's earnings and willfully failing to account to the employee for it . . . if the resulting offense level is greater than that determined (using the tax table in §2T4.1)." U.S.S.G. §2T1.6(b)(1). Because his offense meets this criteria, Mr. Littlefield is being sentenced utilizing the higher offense level in U.S.S.G. §2B1.1 (rather than §2T1.6). In accordance with this guideline, the offense level calculation starts at a base offense level

6, with increases based upon the loss amount in this case (+18), the number of victims (+2), and Mr. Littlefield's abuse of a position of public or private trust (+2), as well as a decrease in the offense level based upon Mr. Littlefield's acceptance of responsibility (-3) for a total offense level of 25. PSR at ¶¶24-34. Mr. Littlefield has no prior convictions which places him in Criminal History Category I. *Id*. at ¶39.

Although the advisory guideline range for total offense level 25, and criminal history category I is higher than the 36 month custodial sentence agreed to by the parties in their binding agreement, a review of applicable sentencing data from the United States Sentencing Commission statistics establishes that a 36 month term of imprisonment is consistent with many other individuals similarly situated in this country, such that imposition of 36 months in this case would be consistent with the goal of avoiding unwarranted sentencing disparities. *See* Tarasyuk Dec. at Exhibit B.

According to a statistical evaluation of defendants sentenced nationally between 1999-2020, 51.26% of the 238 defendants sentenced under U.S.S.G. §2B1.1 with a Criminal History Category I and final offense level 25, who faced the same statutory maximum as Mr. Littlefield in this case, were sentenced to 36 months custody or less. Exhibit B, Table 1. In the Ninth Circuit, the percentage is even higher with 60% of the 35 similarly situated defendants receiving sentenced of 36 months custody or less. *Id*. Indeed, this particular table indicates that the median sentence was 36 months custody both nationally and within the Ninth Circuit, while the mean sentences was less than 36 months custody both nationally (33.38 months) and within the Ninth Circuit (29.97 months). *Id*.

These statistics which are kept by the United States Sentencing Commission demonstrate that in this case the parties' agreed upon sentence of 36 months custody, is consistent with the custodial sentences that many other federal district courts throughout the country and within the Ninth Circuit have imposed on defendants who are similarly situated to Mr. Littlefield. Exhibit B.

Furthermore, the probation officer who prepared the report in this case, and represents the neutral arm of the Court, also recommends imposition of 36 months custody. A sentence of 36 months custody avoids unwarranted disparity among similarly situated defendants. Mr. Littlefield asks the Court to sentence him consistent with the parties' binding agreement.

### E. The Need to Provide Restitution

In determining the appropriate sentence, the Court must consider "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(7); *see also United States v. Menyweather*, 447 F.3d 625, 634 (9th Cir. 2006)(the "goal of obtaining restitution for the victims. . . is better served by a non-incarcerated and employed defendant."); *United States v. Peterson,* 363 F. Supp. 1060, 106-62 (E.D.Wis. 2005)(granting variance so that the defendant could work and pay restitution). In this case, many of the victim impact statements highlight the request that Mr. Littlefield pay restitution. This purpose is best served by returning him to the workforce sooner. Mr. Littlefield clearly has the skills and capacity to earn a good salary knowing full well that his income will go towards restitution. His employment record demonstrates that Mr. Littlefield has had a job starting when he was 17 years old, until he shut down his business due to the instant offense in 2020. PSR at ¶¶65-72. He will work tirelessly to pay back the money that is owed..

Mr. Littlefield takes his restitution obligation seriously and will work to ensure that he pay the restitution. Exhibit A ("I know that it is incumbent upon me to make the situation right as much as is possible. . . I will make any and all efforts to pay off the balances of all those that have suffered financially as a result of my actions. I will not walk away from the financial obligation that I have"). Mr. Littlefield cannot undue the harm his actions have caused. But his commitment to repay restitution to the victims can best be served by imposing the minimum sentence that is sufficient to meet the goals of sentencing. A sentence of 36 months custody meets that criteria.

### III. CONCLUSION

For the reasons stated above, Mr. Littlefield asks the Court to sentence him consistent with the parties' binding plea agreement to 3 years of imprisonment, 36 months supervised release, $100 special assessment and restitution to be determined at a later hearing, but of at least $3,755,174.

SENTENCING MEMORANDUM
*LITTLEFIELD*, CR 21–00171 JST

Dated:   April 1, 2022

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

            /S
JOYCE LEAVITT
Assistant Federal Public Defender