# EXHIBIT A

**EXHIBITS IN SUPPORT OF
SENTENCING MEMORANDUM**

March 31, 2022

I must begin by saying that the simple statement of "I'm sorry" is not enough to describe the feeling that I feel regarding my actions.  While I have read through every statement that has been provided, I have already replayed in my head the countless ways that my actions have affected a vast number of businesses that I had previously performed services for.  And I know that while every scenario is different in its details, each scenario involved the same feelings of broken trust, outrage, and pain, to go along with the financial damage that has been caused.  Please know that I don't take those feelings lightly, and the knowledge that my actions have caused such anguish to people that put their trust in my business, in me, has caused countless sleepless nights, and considerable mental pain for me.

While I take full responsibility for the actions that I took that lead to the financial loss suffered by so many businesses, I do want all to know that I never intended to defraud a single company out of a single penny.  There was no plan to try to take tax money and somehow get away with it.  Rather, this situation is the result of a vast avalanche of mistakes and absolutely poor decisions.  I know that the intention does not change the outcome.  And the outcome is very difficult for many to manage right now.  But just as I never intended to harm anyone, I know that it is incumbent upon me to make the situation right as much as is possible at this late date, to limit any further damage.  I will make any and all efforts to pay off the balances of all those that have suffered financially as a result of my actions.  I will not walk away from the financial obligation that I have.

I know that even as I am successful in repaying these balances, I cannot erase the emotional damage suffered by those who were affected.  For that, I can only offer my sincerest apology.

       Sincerely,   Brandon Littlefield

# EXHIBIT B

**EXHIBITS IN SUPPORT OF
SENTENCING MEMORANDUM**

JODI LINKER
Federal Public Defender
Northern District of California
JOYCE LEAVITT
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:    (510) 637-3500
Facsimile:    (510) 637-3507
Email:        Joyce_Leavitt@fd.org

Counsel for Defendant Littlefield

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON LITTLEFIELD,<br><br>Defendant. | **Case No.:** CR 21–171 JST<br><br>**DECLARATION OF LISA TARASYUK IN SUPPORT OF DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:**         Courtroom 6, 4th Floor<br>**Hearing Date:**  April 8, 2022<br>**Hearing Time:**  9:30 a.m. |

I, Lisa Tarasyuk, declare the following:

1. I am employed as a paralegal at the Federal Public Defender's Office in San Francisco. I have been employed in this position since August of 2019. Prior to my employment with the office, I graduated from the University of California, Berkeley with a Bachelor's Degree in economics, rhetoric, and pure mathematics. During my time at Berkeley, I completed coursework in statistics and econometrics covering topics such as sampling, data collection, regression analysis, and robustness checks.

2. I have reviewed the following United States Sentencing Commission documents prior to use of their data files:

    a. "Effective Use of Federal Sentencing Data"[1]
    b. "USSC Variable Codebook FY1999-FY2020"[2]
    c. The Office of Research and Data's six "Research Notes"[3]

3. I familiarized myself with the sentencing characteristics specific to Mr. Littlefield's case by reading the Presentence Report dated March 11, 2022.

4. I reviewed the Amendment History for Guidelines §2B1.1, §3B1.3, and §3E1.1.

5. This analysis does not directly filter on any of the specific characteristics affected by the Amendment History for Guidelines §2B1.1, §3B1.3, and §3E1.1, thus, no controls with respect to Amendment History were applied.

6. On April 23rd, 2021, I updated a composite dataset created by data experts in our office to consist of the publicly available FY2002-2020 Sentencing Commission datafiles.[4]

7. I analyzed this dataset using the statistical program "R," isolating defendants according to combinations of the following specifications:

|   | Variable Specification | Characteristic |
|---|---|---|
| a. | SOURCES = 1 | Cases with information representing known court findings included; |
| b. | {SENTYR>=2005 & SENTMON > 1} OR SENTYR >=2006 | Defendant sentenced after January 2005;[5] |
| c. | XCRHISSR = 1 | Defendant had Criminal History Category I; |
| d. | XFOLSOR = 25 | Defendant had Final Offense Level 25; |
| e. | GDLINEHI = "2B1.1" | Chapter 2 Guideline §2B1.1 applied at sentencing; |
| f. | STATMAX = 60 | Defendant had statutory maximum of 60 months; |

---

[1] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/datafiles/20131122-ACS-Presentation.pdf
[2] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/datafiles/USSC_Public_Release_Codebook_FY99_FY20.pdf
[3] https://www.ussc.gov/research/datafiles/research-notes
[4] https://www.ussc.gov/research/datafiles/commission-datafiles
[5] Namely, after *United States v. Booker*, 543 U.S. 220 (2005) was decided.

TARASYUK DECL.
*LITTLEFIELD*, CR 21–171 JST

2

8. I used "R" to isolate cases according to specifications (a)-(f). That is, I defined a group consisting of defendants sentenced under §2B1.1, in Criminal History Category I, with Final Offense Level 25, who faced a 60 month statutory maximum, like Mr. Littlefield.

9. I used "R" to calculate the following sentencing statistics for this group, Nationally, in the Ninth Circuit, and the Northern District of California:[6]

Table 1[7]

| Region | N | % ≤ 36 | N 36 | Min. | 1st Qu. | Median | Mean | 3rd Qu. | Max. |
|---|---|---|---|---|---|---|---|---|---|
| National | 238 | 51.26% | 122 | 0 | 15 | 36 | 33.38 | 48 | 60 |
| Ninth Circuit | 35 | 60% | 21 | 0 | 19.5 | 36 | 29.97 | 42 | 60 |
| Northern California | 0 | - | - | - | - | - | - | - | - |

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2022, in Oakland, California.

LISA TARASYUK

---

[6] Variables MONCIRC = 9 and DISTRICT = 71, respectively.
[7] By subgroup as represented by each row:
N = Number of cases; % ≤ 36 = percentage of cases where the sentence was 36 months or less; N 36 = the number of cases where the sentence was 36 months or less; Min = lowest sentence received, in months; 1st Qu. = 25% of sentences are less than this sentence, in months; Median = 50% of sentences are less than this sentence, in months; Mean = average sentence, in months; 3rd Qu. = 75% of sentences are less than this sentence, in months; Max = highest sentence received, in months.