STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ADAM A. REEVES (NYBN 2363877)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7157
    FAX: (415) 436-7234
    adam.reeves@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 21-CR-0171 JST |
| Plaintiff, | THE UNITED STATES' SENTENCING MEMORANDUM |
| v. | Sentencing Date: April 8, 2022, at 9:30 a.m. |
| BRANDON WADE LITTLEFIELD, | |
| Defendant. | |

## I.  INTRODUCTION

The defendant, Brandon Wade Littlefield, will be sentenced by the Court after pleading guilty to Count One of the Information charging him with Failure to Account for and Pay Over Employment Taxes, in violation of Title 26, United States Code, Section 7202. The United States hereby submits this Sentencing Memorandum in advance of the sentencing hearing in this case on April 8, 2022. The parties have submitted for the Court's consideration a Plea Agreement dated July 23, 2021 (Document 22). For the reasons set forth herein, the government recommends that the defendant be sentenced to a term of imprisonment of thirty-six (36) months; a term of supervised release of thirty-six (36) months;

THE UNITED STATES' SENTENCING MEMORANDUM
21-CR-0171 JST

1

restitution in an amount to be determined by the Court but not less than $3,755,174; and a special assessment of $100. *Id*. at ¶ 8. The government does not recommend a fine for the defendant in order to maximize the amount he can repay as restitution to the victims of his crime.

## II. THE OFFENSE CONDUCT

As specified in Paragraph 2 of the Plea Agreement, the defendant, Brandon Wade Littlefield, from at least February 2009 to the present, owned and operated several businesses including BLI Payroll Solutions, BLI Inc., and Bookkeeping.com (hereafter collectively referred to as "BLI" or "BLI companies"). During this period, the BLI companies and the defendant contracted with client companies to perform certain payroll functions including calculating each client's federal payroll tax liability for the taxes withheld from the wages paid by the client company to its employees during each quarter. Each client paid those withheld payroll taxes over to the defendant and the BLI companies based on its agreement to pay such withheld taxes over to the Internal Revenue Service (IRS). As agreed in the contracts with the client companies, the defendant and the BLI companies had the obligation to account for the employment taxes collected from the clients' employees, to file with the IRS the clients' Federal Quarterly Employment Tax Returns and Forms 941 and pay over the employment taxes to the IRS.

The defendant and the BLI companies, and the clients on whose behalf they acted, were required under Title 26 of the United States Code, to collect, account for, and pay over, from the total wages of the business's employees, federal income taxes, and the employees' share of Federal Insurance Contributions Act taxes for each quarter. Although the clients paid the withheld payroll taxes over to him and the BLI companies, the defendant willfully failed to account for and pay over to the IRS the withheld taxes that were due and owing to the IRS for each quarter from at least in or about 2015 through at least in or about 2018. The defendant knew federal tax law imposed a legal duty to account for and pay over to the IRS payroll taxes collected from the wages paid to employees of the clients' companies, but the defendant intentionally violated that known duty and willfully failed to account for and pay over employment taxes to the IRS.

THE UNITED STATES' SENTENCING MEMORANDUM
21-CR-0171 JST

For example, as charged in Count One of the Information, beginning on or about July 1, 2017, through on or about October 31, 2017, the defendant willfully failed to truthfully account for and pay over to the IRS all of the federal income taxes withheld and Federal Insurance Contributions Act taxes due and owing to the IRS on behalf of H.I.A., an Oakland, California based company, and its employees, for the Third Quarter of 2017, in the amount of $18,958.79.  The defendant knew federal tax law imposed a legal duty to account for and pay over to the IRS payroll taxes collected from the wages paid to employees of H.I.A., but instead the defendant intentionally violated that known duty and willfully failed to account for and pay over H.I.A.'s employment taxes to the IRS.

From at least in or about 2015 through at least in or about 2018, the defendant willfully failed to account for and pay over to the IRS the payroll taxes collected from the wages of the employees working for at least 117 of his clients, thereby causing a tax loss of no less than $3,755,174.  According to the Presentence Investigation Report (PSR), "the defendant took the tax money to use for his personal gain rather than pay over the taxes to the IRS."  PSR at ¶ 15.

## III. SENTENCING GUIDELINES CALCULATIONS

The government calculates the total offense level under the Sentencing Guidelines as follows:

|  | U.S.S.G. Section | Points |
|---|---|---|
| Base Offense Level | 2B1.1(a)(2) | 6 |
| Specific Offense Characteristics |  |  |
|    Loss greater than $3,500,000<br>   Ten or more victims | 2B1.1(b)(1)(J)<br>2B1.1(b)(2)(A) | +18<br>+2 |
| Adjustment: Role in the Offense |  |  |
|    Abuse of a position of trust<br>   Acceptance of Responsibility | 3B1.3<br>3E1.1 | +2<br>−3 |
| Total Offense Level |  | 25 |
| Guideline Provisions |  | 57-60 months |

The U.S. Probation Office agrees with the government's guideline calculations.  PSR at 8-9.  The maximum sentence for a conviction for Failure to Account for and Pay Over Employment Taxes, in violation of Title 26, United States Code, Section 7202, is a term of imprisonment of sixty (60) months.

THE UNITED STATES' SENTENCING MEMORANDUM
21-CR-0171 JST

## IV. DISCUSSION

### A. Applicable Law

The overarching goal of a sentencing court is to impose a sentence that is sufficient to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment." *United States v. Ressam*, 679 F.3d 1069, 1088-89 (9th Cir. 2012) (*en banc*); 18 U.S.C. § 3553(a)(2). The Court should begin the sentencing process by correctly calculating the applicable Guidelines range and must "remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). The Court should then consider the factors outlined in Section 3553(a) to determine the appropriate sentence. *Ressam*, 679 F.3d at 1089. As applicable to this case, the key factors include the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the sentencing goals (including reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence to criminal conduct, protecting the public from further crimes by the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner), § 3553(a)(2); the kinds of sentences available, § 3553(a)(3); the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

Although the Supreme Court's decision in *Booker* has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 552 U.S. 85, 108, (2007) (internal quotation marks and citation omitted); *see United States v. Carty*, 520 F.3d, 984, 991 (en banc); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011). While there is no presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also*

THE UNITED STATES' SENTENCING MEMORANDUM
21-CR-0171 JST

4

*United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g.*, *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

### B. Nature and Circumstances of the Offense

The seriousness of the defendant's offense is clear. He illegally diverted in excess of $3.7 million from the hard-working small businesses who trusted him with their payrolls. Document 22 (Plea Agreement) at ¶ 8. The defendant's crime inflicted lasting pain, loss, and suffering on his victims. PSR at 6-7. Indeed, some victims may never financially recover. PSR at 7. As one victim put it, "our dream, our little business, is gone." *Id*.

### C. The Recommended Sentence

Pursuant to 18 U.S.C. § 3553(a), the Court should impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of a criminal sentence. Pursuant to the proposed Plea Agreement, the government recommends a term of imprisonment of thirty-six (36) months. Document 22 at ¶ 8. In this case, three years in federal prison is sufficient to punish the defendant and promote the sentencing goals of general deterrence and respect for the law. 18 U.S.C. §3553(a)(2). The need for meaningful punishment must be balanced with the need for some chance at meaningful restitution. To pay restitution, the defendant must serve his prison sentence and transition to a new income-generating occupation. Respectfully, the government submits that a thirty-six-month sentence strikes this painful and challenging balance.

### D. Restitution

Restitution in this case is imperative. It has also been difficult to calculate with precision. The IRS and the Victim-Witness Unit of the United States Attorney's Office have made substantial progress, however, toward determining how much restitution should be paid to each of the victims and the IRS.

THE UNITED STATES' SENTENCING MEMORANDUM
21-CR-0171 JST

To do that, the government has reviewed the victims' impact statements – when we have received them – against the IRS record-keeping for the effected taxpayers. That has been a months-long process. The government has prepared a detailed restitution analysis spreadsheet which we have circulated to Probation and to the defendant and about which the parties have conferred. Preliminarily, the spreadsheet quantifies $3,150,524.15 in total losses for the victim taxpayers and, additionally, $3,439,828.10 in total losses for the IRS. Those figures undercount the full losses to victims, however, because they do not account for the substantial amounts they have had to pay in attorneys' fees and the costs of business interruption.

    For these reasons, the government recommends that the Court take the restitution part of the sentencing hearing in two steps. First, on April 8, 2022, the Court should order restitution in an amount to be determined but not less than $3,755,174. Document 22 at ¶ 8. On April 8, 2022, the Court should also encourage all victims who have not done so to submit a victim impact statement detailing their losses. And second, pursuant to 18 U.S.C. § 3664(d)(5), the Court should adjourn the sentencing hearing for not more than ninety (90) days for the parties, Probation, and the victims to finalize the restitution analysis spreadsheet and submit it to the Court for its consideration. Once the restitution figures are vetted and finalized, the Court should then order full restitution in the amounts reflected in the restitution analysis spreadsheet. At the second hearing to finalize the restitution order, the government further recommends that the Court order restitution to be paid in full to all the victim taxpayers before restitution is paid to the IRS.

    Finally, compliance with the Court's final restitution order should also be a condition of the defendant's supervised release so, if the defendant fails to properly pay restitution, the Court is in a position to enforce its order more effectively.

//
//
//
//
//

THE UNITED STATES' SENTENCING MEMORANDUM
21-CR-0171 JST

## CONCLUSION

For these reasons, the United States recommends that the defendant be sentenced to a term of imprisonment of thirty-six (36) months; a term of supervised release of thirty-six (36) months; restitution in an amount to be determined by the Court but not less than $3,755,174; and a special assessment of $100.

Dated:  April 1, 2022                                                          Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Adam A. Reeves*
_____
ADAM A. REEVES
Assistant United States Attorney